IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK J. FEDERICO, II, ESQUIRE, *
*et al.*,
    Plaintiffs, *

       v. *   Civil Action No. RDB 11-051

BANK OF AMERICA CORPORATION, *

    Defendant. *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Frank J. Federico, II, Esquire and Frank Federico, II, P.A. initially brought the pending action against Defendant Bank of America Corporation ("BOA"), alleging BOA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(a)(3), breached certain contracts with Plaintiff that caused him to suffer emotional distress, and slandered Plaintiff. He later filed an Amended Complaint seeking to add Susan Napier ("Napier") as a defendant. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant BOA's Motion to Dismiss (ECF No. 7) is GRANTED, BOA's Motion to Strike (ECF No. 8) is GRANTED, and the Motions to Dismiss the Amended Complaint filed by the Defendants BOA and Napier (ECF Nos. 15 & 16) are MOOT.

## PROCEDURAL HISTORY

On July 28, 2010, Plaintiff filed a two-count Complaint against BOA in the Circuit Court for Baltimore County. On December 3, 2010, Plaintiff filed an Amended Complaint (ECF No. 5) seeking a greater amount in damages, and adding an additional count against Susan Napier

1

("Napier"), a BOA employee, for "deceit, fraud, misrepresentation, and bad faith." Am. Compl. ¶ 22.

On December 10, 2010, Defendant BOA filed the pending Motion to Dismiss in the Circuit Court with respect to the original Complaint. BOA claims that it was not aware that Plaintiff had filed an Amended Complaint when it filed this Motion to Dismiss. On December 15, 2010, BOA filed a Motion to Strike Plaintiff's Amended Complaint (ECF No. 8) for failure to comply with Maryland Rule 2-341(e), which requires a party to file with an amended pleading a "comparison copy . . . showing by lining through or enclosing in brackets material that has been stricken and by underlining or setting forth in bold-faced type new material." On January 7, 2011, Defendant Napier removed the case to this Court, pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332 and Defendant BOA consented to that removal (ECF No. 11). On January 14, 2011, BOA and Napier filed separate Motions to Dismiss the Amended Complaint. (ECF Nos. 15 & 16.)

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Plaintiff Frank J. Federico, II, Esquire, who lives in Baltimore County, Maryland, is a practicing lawyer and the corporate officer of Frank J. Federico, P.A., a professional corporation also located in Baltimore County. Compl. ¶¶ 1, 2. Plaintiff contends that Defendant Bank of America has its principal place of business in Charlotte, North Carolina. *Id*. ¶ 4. Plaintiff alleges that he "entered into one or more contracts with Bank of America" and appears to contend that at some point money was withdrawn from his bank accounts by BOA without his knowledge. *Id*. ¶

7, 8. Plaintiff claims that Bank of America committed breach of contract by withdrawing this money. *Id.* ¶ 8.

Plaintiff also asserts that at one point BOA threatened to tell other banks not to do business with him. *Id.* ¶ 10. As a result, Plaintiff contends that BOA caused him to lose employees, "caused several false Complaints from numerous sources" and slandered his credit. *Id.* ¶¶ 10-13. At some point thereafter, Plaintiff contends that BOA sold his accounts to collection agencies which have contacted him in violation of the FDCPA. *Id.* ¶ 17.

In Count I, Plaintiff asserts that BOA's actions ultimately led him to suffer "severe emotional turmoil and distress, loss of income and physical injuries." *Id.* ¶ 20. Plaintiff then describes the medical treatment he received as of March 28, 2009, for a chronic pulmonary embolism. In Count II, Plaintiff asserts a similar claim on behalf of his professional corporation.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin

by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 555 (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

**I.     Motion to Strike the Amended Complaint**

BOA asserts that Plaintiff's Amended Complaint should be stricken because it was improperly filed. Specifically, BOA contends that the Amended Complaint was not filed in accordance with Maryland Rule 2-341(e), which requires a party filing an amended pleading to submit a "comparison copy . . . showing by lining through or enclosing in brackets material that has been stricken and by underlining or setting forth in bold-faced type new material." Since the case has been removed to this Court, Maryland Rule 2-341(e) does not apply. However, Local Rule 6(c) carries the same requirements as Maryland Rule 2-341(e):

> **Identification of Amendments**
>
> Unless otherwise ordered by the Court, the party filing an amended pleading shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type.

Thus, Plaintiff's Complaint does not meet the requirements of Local Rule 6(c), just as it did not meet the requirements of Maryland Rule 2-341(e). Accordingly, BOA's Motion to Strike (ECF No. 8) is GRANTED. As a result, BOA's and Napier's motions to dismiss the Amended Complaint (ECF Nos. 15 & 16) are MOOT.

## II. Motion to Dismiss the Original Complaint

Plaintiff, who held various bank accounts at BOA over his lifetime, claims that at some point BOA took actions that caused him to lose money, which led him to experience "unwarranted stress and strain on Plaintiff's practice, personal life, finances, and health; to wit: pulmonary embolism." Compl. ¶ 14. Plaintiff appears to bring claims for (a) violation of the Fair Debt Collection Practices Act, (b) emotional distress based upon a breach of contract, and (c) slander.

### A. Fair Debt Collection Practices Act Claim

Plaintiff asserts that BOA sold his delinquent accounts to collection agencies that allegedly contacted him at his office in violation of the FDCPA. As an initial matter, Plaintiff appears to claim that it is the collection agencies to which BOA sold his accounts that violated the FDCPA, not BOA. Even if Plaintiff intended to allege that BOA violated the FDCPA, however, the FDCPA does not apply to creditors collecting debts in their own names and whose primary business is not debt collection. *Boccone v. Am. Express Co.*, 2007 U.S. Dist. LEXIS 74358, at *17 (D. Md. Oct. 4, 2007). *See also Akpan v. First Premier Bank*, 2010 U.S. Dist. LEXIS 20371, at *10 (D. Md. March 8, 2010) ("The FDCPA does not apply to a creditor, *i.e.,* 'any person who offers or extends credit creating a debt or to whom a debt is owed,' except where the creditor 'uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'" (citing 15 U.S.C. § 1692(a)(4)-(6))). BOA was the original creditor in its transactions with Plaintiff; therefore he has no cause of action under the FDCPA against Defendant.

Additionally, even if Plaintiff could allege a cause of action under the FDCPA, such an action must be brought within one year of the date on which the violations occurred. 15 U.S.C. § 1692k(d). The only date Plaintiff cites in his Complaint is March 28, 2009—the date on which he claims he was hospitalized due to the "emotional turmoil" he suffered. Yet, Plaintiff did not file his Complaint until July 28, 2010. Thus, Plaintiff's claim under the FDCPA is time-barred. Accordingly, Plaintiff's FDCPA cause of action must be dismissed.

**B.     Emotional Distress/Breach of Contract**

Plaintiff appears to assert that he suffered severe emotional distress and related physical injuries based upon BOA's breach of contract. Plaintiff does not provide any detail, though, of what contract he had with BOA. At most, Plaintiff claims that he had various accounts with

BOA and that money was withdrawn from some of Plaintiff's accounts without his notice. Plaintiff's vague allegations are insufficient to state a claim for breach of contract, and therefore cannot support a claim for emotional distress.

Even if Plaintiff's allegations stated a claim for breach of contract, he has not stated a claim for emotional distress. As an initial matter, Plaintiff does not indicate whether he intends to bring a claim for negligent infliction of emotional distress or intentional infliction of emotional distress. To the extent that Plaintiff asserts a claim for negligent infliction of emotional distress, it must be dismissed because the tort is not recognized in Maryland. *Lapides v. Trabbic*, 758 A.2d 1114, 1121-22 (Md. Ct. Spec. App. 2000). To the extent Plaintiff asserts a claim for intentional infliction of emotional distress, it must be dismissed because he has not established that: (1) the conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress was severe. *Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 113 (Md. 2000). At most, Plaintiff claims that BOA threatened to tell other banks not to do business with him, thereby "slandering" his credit. These allegations do not rise to the level of "extreme and outrageous" conduct. Accordingly, to the extent Plaintiff brings claims for breach of contract and emotional distress against BOA, they must be dismissed.

### C.     Slander

Plaintiff asserts that BOA "threatened, in writing, to issue correspondence to other financial institutions instructing them to not do business with [him]," that the Bank "caused [him] several false Complaints from numerous sources," and "slandered Plaintiff's credit as a result of these actions." Compl. ¶¶ 10, 12. In order to allege slander under Maryland law, a Plaintiff must show that (1) the defendant made a defamatory communication; (2) the statement

was false; (3) the defendant was at fault in communicating the statement; and (4) the plaintiff suffered harm. *Machie v. Manger*, 2010 U.S. Dist. LEXIS 51746, at *18 (D. Md. May 25, 2010) (quoting *Kairys v. Douglas Stereo, Inc.*, 83 Md. App. 667, 678 (Md. Ct. Spec. App. 1990)). Plaintiff's allegations do not meet this test. Though Plaintiff claims BOA "threatened" to tell other banks not to do business with him, Plaintiff does not allege that BOA actually took steps to do so. Furthermore, Plaintiff's allegations do not show that BOA made any statements about Plaintiff that were false. Accordingly, Plaintiff has not made a prima facie case of slander.

## CONCLUSION

For the reasons stated above, Defendant BOA's Motion to Dismiss (ECF No. 7) is GRANTED, BOA's Motion to Strike (ECF No. 8) is GRANTED, and the Motions to Dismiss the Amended Complaint filed by the Defendants BOA and Napier (ECF Nos. 15 & 16) are MOOT.

A separate Order follows.

Dated:   June 17, 2011                    /s/_____
                                          Richard D. Bennett
                                          United States District Judge